**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| LAWRENCE N. HAGAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-34 (CDL) |
| | : | 42 U.S.C. § 1983 |
| MUSCOGEE COUNTY PRISON, | : | |
| WILLIAM W. ADAMSON, Warden, | : | |
| and JOHN COBB, Work Detail Officer, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion to Dismiss Plaintiff's action. (R-20, 21). Defendants allege that Plaintiff's Complaint should be dismissed on four grounds: 1) Muscogee County Prison is not a legal entity capable of being sued; 2) the Plaintiff failed to state a valid Eighth Amendment claim; 3) liability cannot be based on *respondeat superior* in § 1983 actions; and 4) Qualified Immunity protects Defendant Officer John Cobb in his individual capacity. *Id*. Plaintiff was notified of his right to respond, but failed to do so.

## LEGAL STANDARD FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court

of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir.

2

2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## PROCEDURAL HISTORY

On July 24, 2007, Plaintiff filed this 42 U.S.C. § 1983 suit against the named Defendants claiming that: 1) the Defendants violated his constitutional rights by failing to provide proper training for him to operate a weed-eater and other tools him might be using on a work detail; 2) Defendant Officer Cobb was negligent regarding Plaintiff's safety; and 3) Defendant Officer Cobb's "conscious refusal to prevent the impending harm" violated Plaintiff's civil rights. (R-1, p. 5). Plaintiff seeks monetary compensation in an unspecified amount for his "pain and suffering, stress, mental distress, and permanent disability of [his] right hand, fingers, and wrist." (R-1, p. 6).

## DISCUSSION

### Defendant Muscogee County Jail Not Legal Entity Subject to Suit

A successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). While "Sheriff's departments and police departments are not usually considered legal entities subject to suit

. . . capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-1215. Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *citing Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E. 2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County,* 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

Just as in *Board of Road and Revenue Commissioners of Candler County v. Collins,* cited *supra,* in *Smith v. Commissioners of Roads and Revenue of Glynn County,* the Court found that the Board of Roads and Revenue of the county was not a proper party as it was not a natural person, a corporation or a partnership. The Court, therefore, dismissed the plaintiff's suit. Similarly, the Muscogee County Prison, as named in the Plaintiff's lawsuit, is not a natural person, an artificial person, nor a quasi artificial person. As such, Defendant Muscogee County Prison is not a "person" within the meaning of 42 U.S.C. §1983. Therefore, it is recommended that Defendant Muscogee County Jail be dismissed as to all claims.

4

Failure to Train

Plaintiff alleges that Defendant Warden Adamson is liable because he failed to train Plaintiff on the proper use of operating a specific weed-eater. (R-1, p. 5). In general, supervisors can be held liable for failure to train only when "a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiffs, and his conduct was casually related to the constitutional violation committed by his subordinate." *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). Supervisory liability exists "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Braddy v. Florida Dep't Labor & Empl. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). A casual connection can be established where a "supervisor's improper custom or policy . . . resulted in deliberate indifference to constitutional rights." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citations omitted).

To be liable for "failure to train" Plaintiff how to use a weed-eater, Plaintiff must show that Defendant Adamson knew of the need to correct misinformation about the weed-eater usage and that Defendant Adamson disregarding that need and made the choice not to take any action. *See Braddy*, 133 F.3d at 802. Plaintiff simply alleges in his complaint that "[n]ot providing proper training or displaying video training for this particular machine or any other tools I would be using was a conspiracy to deny my constitutional rights to health and safety by Warden W. W. Adamson and the staff of Muscogee County Prison." (R-1, p.

5). Plaintiff does not allege that other inmates have been hurt by this particular weed-eater. Furthermore, Plaintiff admits in his complaint that Defendant Cobb verbally warned him that he should not drop the blade of the weed-eater to the ground because it would then get away from Plaintiff. (R-1, p. 5).

Plaintiff has failed to provide sufficient evidence to create an inference that Defendant Adamson failed to adequately train his correctional officers or inmates on the proper method of using a particular weed-eater. As such, Plaintiff has failed to allege specific facts to show that Defendant Adamson can be held liable for "failure to train" Plaintiff as to how to use a weed-eater, and therefore, it is recommended that this claim be dismissed.

## Vicarious Liability

Defendant Warden Adamson also moves the Court to dismiss this action against him under the prevailing authority regarding supervisory responsibility. Defendant Adamson argues that the other claim against him relates only to Plaintiff and Defendant Cobb being on the work detail under the "authority" of Defendant Adamson. (R-21, p. 6).

In *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003), the Eleventh Circuit addressed the issue of supervisory responsibility in cases where a qualified immunity defense was raised. The *Cottone* Court addressed the issue as follows:

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondent superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Gonzalez*, 325 F.3d at 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondent superior or

6

> vicarious liability). Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Gonzalez*, 325 F.3d at 1228, 1234; *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Gonzalez*, 325 F.3d at 1234 (quoting *Braddy v. Fla. Dept. of Labor & Employment*, 133 F.3d 797, 802 (11th Cir. 1998)); *Brown*, 906 F.2d at 671. Alternatively, the causal connection may be established when a supervisor's " 'custom or policy ... result[s] in a deliberate indifference to constitutional rights' " or when facts support "an inference that the supervisor directed the subordinates would act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Gonzalez*, 325 F.3d at 1234 (quoting *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991)); *Hartley,* 193 F.3d at 1263; *see also Post v. City of Ft. Lauderdale,* 7 F.3d 1552, 1560-61 (11th Cir. 1993). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Gonzalez*, 325 F.3d at 1234 (internal quotation marks and citation omitted).

*Cottone,* at 1360.

In his pleadings, Plaintiff makes a bare and general assertion that he was working under Defendant Adamson's authority. Nothing in Plaintiff's pleadings show that there was any alleged personal participation by Defendant Adamson; that Defendant Adamson has any causal connection with events related to Plaintiff's case; that Defendant Adamson put in place any custom or policy at the prison which has resulted in a violation of Plaintiff's Constitutional rights; nor that Defendant Adamson had any knowledge of Plaintiff's work detail and then allowed or directed, his subordinates to act unlawfully toward Plaintiff. As

7

such, it is recommended that Defendant Adamson is entitled to dismissal from this action.

## Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

To receive qualified immunity, a defendant must first establish that he was acting within his discretionary authority. *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007). In the case at bar, Defendant Cobb was acting within his discretionary authority while supervising inmates on a work detail. *See Mitchell v. Gibbs*, 2007 WL 2819515 (M.D. Ga

8

Sept. 25, 2007) ("Defendant was exercising his discretionary authority as a prison official, namely supervising inmates, when the allegedly unlawful acts took place.").

In *Saucier v. Katz,* cited *supra,* the Supreme Court held that if none of the Plaintiff's constitutional rights were violated had the allegations been established, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case. The Plaintiff has failed to prove that any of the rights guaranteed to him through the United States Constitution were violated by the Defendants. Therefore, no further analysis is required. As such, it is recommended that Defendant Cobb's Motion to Dismiss be GRANTED as to any claims made against him in his individual capacity.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that Defendants' Motion to Dismiss be GRANTED and that Plaintiff's action should be dismissed without prejudice for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 15th day of August, 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc